IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH G. WILLIAMS,       )
                                )    Civil No. 05-1533-JO
        Plaintiff,       )
                                )
     v.                  )
                                )
DR. STEVE SHELTON, DR. JOHN   )    OPINION AND ORDER
DOE #1, DR. JOHN DOE #2, GUY  )
HALL, BRIDGETT WHELAN, DR.    )
GREG LYTLE, CHRISTOPHER       )
GUNDERSON, TRCI THERAPEUTIC   )
LEVEL OF CARE COMMITTEE,      )
INLAND CARDIOLOGY, and DR.    )
ADIR NADAR,               )
                                )
        Defendants.      )

JONES, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging generally that defendants: (1) acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment when they refused to provide him adequate tests, diagnosis, and treatment of his serious health problems; (2) discriminated against him on the basis of his race in denying

1 - OPINION AND ORDER

him adequate medical care in violation of the Fourteenth Amendment's Equal Protection Clause; and (3) conspired to prevent him from seeking redress in violation of his Fourteenth Amendment due process rights.

Currently before the court are plaintiff's Motion for Leave to File an Amended Complaint (#47) and defendants Inland Cardiology's and Dr. Adir Nadar's Amended Motion to Dismiss/Make More Definite and Certain (#44). For the reasons that follow, I grant in part and deny in part both plaintiff' Motion for Leave to File an Amended Complaint and defendants Inland Cardiology's and Dr. Adir Nardar's Motion to Dismiss.

**I.  Plaintiff's Motion for Leave to File an Amended Complaint (#47).**

Plaintiff moves to amend his complaint to: (1) substitute Dr. Madar Abed ("Abed") for Dr. Adir Nardar, substitute Dr. Ole Hansen for Dr. John Doe #1, and substitute Greg Abbe for Dr. John Doe #2; (2) clarify his claims against defendants Abed (as amended) and Inland Cardiology ("Inland"); and (3) improve the overall comprehensibility of his claims. Upon careful review and comparison of the operative complaint (#7) and plaintiff's proposed amended complaint, the court concludes that, beyond the name substitutions, plaintiff, in his proposed amended complaint, has made his claims against defendants Abed and Inland more definite and certain, and has improved the clarity of his claims overall. He does appear to add claims alleging that defendants Gunderson,

2 - OPINION AND ORDER

Whelan, Lytle, and Sheldon violated his rights under the Eighth Amendment by failing to establish adequate rules, policies and procedures for the delivery of medical services, and that defendants Gunderson and Whelan violated his rights under the Eighth Amendment by acting beyond their formal training and authority in his diagnosis and treatment.

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Courts are directed to apply this policy of favoring amendments with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). In determining whether to grant a motion to amend, courts consider bad faith, undue delay, prejudice to the opposing party, futility to amendment, and prior amendments to the complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355-56 (9th Cir. 1996).

Based upon a careful review of the record, I conclude that plaintiff has neither unduly delayed the filing of his proposed amended complaint nor moved to amend in bad faith. Plaintiff's proposed amendments were sought within the relevant discovery deadline and motions for summary judgment have yet to be filed in this action. Additionally, plaintiff's proposed claims are based on essentially the same alleged actions of defendants that form the basis of the current operative complaint. Therefore, I conclude that no prejudice will result from the amendment of these claims.

In addition, for the reasons set forth below in the court's discussion of defendants Abed's and Inland's Motion to Dismiss, the court finds that amendment of plaintiff's Complaint would not necessarily be futile.

The court does note that plaintiff names the Oregon Department of Corrections, Merck & Co, Inc., and President William G. Bowen, Ph.D. as defendants in the caption of his Third Amended Complaint, and that "Merck & Co. Inc., President William G. Browen Ph.D." are also listed as defendants in the "PARTIES" section. For the reasons set forth in the court's earlier Order (#11), this action shall not proceed against those defendants. Accordingly, plaintiff's Motion for Leave to File an Amended Complaint is granted except as to the addition of the Oregon Department of Corrections, Merck & Co, Inc., and President William G. Bowen, Ph.D. as defendants.

## II. **Defendants DR. MADAR ABED's and INLAND CARDIOLOGY's Amended Motion to Dismiss (#44).**

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. Parks Sch. of Bus. v. Symngton, 51 F.3d 1480, 1484 (9th Cir. 1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief

could be granted.  Jacobsen v. Hughes Aircraft Co., 105 F.3d 1288, 1292 (1997)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In his proposed amended complaint ("Third Amended Complaint"), plaintiff brings numerous claims alleging that defendants Abed and Inland violated his rights under the Eighth and Fourteenth Amendments.[1]  These include claims alleging that Abed:  rendered plaintiff unconscious during his medical procedure despite having told him he could observe his angioplasty; performed only an angiogram and reported to plaintiff that he had no significant blockage (a finding plaintiff alleges is contrary to diagnostic tests showing abnormalities in all four parts of his heart); disregarded tests and reported that plaintiff had "the heart of a baby," that he had never had cardiovascular disease, a heart attack, or damage to the heart; dismissed plaintiff's extensive medical history on the false pretense that an angiogram is the gold standard for diagnosing heart disease; refused to prescribe substitute medication despite plaintiff's complaints that he suffered negative side effects from Vasotec; and made a fraudulent diagnosis as part of a conspiracy to preclude plaintiff's Notice of

---

[1]      Because the court grants plaintiff's Motion for Leave to File an Amended Complaint and because defendants Abed and Inland contend that this amended complaint also fails to state a claim upon which relief may be granted, the court will evaluate defendants' Motion to Dismiss as it applies to plaintiff's Third Amended Complaint.

Tort Claim against Two Rivers Correctional Institution ("TRCI") medical staff.

Plaintiff further alleges that Inland:  falsely reported that plaintiff was a white male, that his episodes of chest pain did not include shortness of breath, palpitations, or other heart attack symptoms, and that plaintiff's chest pain occurred only with exercise; failed to review plaintiff's medical records prior to performing an invasive procedure and making a diagnosis; exposed plaintiff to radiated material without his knowledge or informed consent; failed to perform sufficient tests to rule out alternative causes of plaintiff's heart attack symptoms; failed to adequately advise TRCI medical staff of plaintiff's medical condition; and made a fraudulent diagnosis as part of a conspiracy to preclude plaintiff's Notice of Tort Claim against TRCI medical staff.

Defendants Abed and Inland contend that plaintiff's § 1983 claims should be dismissed as to them for a variety of reasons. They contend that:  (1) plaintiff has failed to show that they were acting under color of state law when they committed the alleged acts; (2) the facts as outlined by plaintiff do not rise to the level of deliberate indifference to a serious medical need as is required to sustain an Eighth Amendment medical claim; (3) plaintiff has presented no facts alleging that Abed and Inland treated him differently from others of a different race or that

6 - OPINION AND ORDER

they acted with discriminatory intent; and (4) plaintiff failed to name the real party in interest in this case.[2]

The court will first consider Abed's and Inland's contentions that they are not state actors. Section 1983 liability arises only when defendants who act under color of state law violate a plaintiff's rights secured under the laws or Constitution of the United States. Defendants Abed and Inland contend that they are private parties and thus are not subject to potential liability under § 1983. I disagree. Though, private parties generally do not act under color of state law, private physicians who contract with prisons to provide medical services act under the color of state law in providing those services. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); West v. Atkins, 487 U.S. 42, 53-54 (1988); Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991). Accordingly, defendants Abed and Inland have not established that there are no facts under which plaintiff could demonstrate that they acted under color of state law at times relevant to this action.

---

[2]    Defendants also challenge what they construe as plaintiff's reference to a possible medical malpractice claim. Critically, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, the court will not entertain any claims of medical negligence in its consideration of this § 1983 action.

In addition, the court concludes that plaintiff has alleged facts that, if true, state viable Eighth Amendment claims against Abed and Inland for deliberate indifference to his serious medical needs.   Taken as a whole, plaintiff's allegations, including his allegations that Abed disregarded tests that showed plaintiff suffered from ongoing, significant cardiovascular disease and that Inland failed to perform sufficient tests to rule out alternative causes of plaintiff's heart attack symptoms, are sufficient to state claims under the Eighth Amendment.

With regard to plaintiff's equal protection claims, "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, plaintiff has failed to allege any facts supporting his claims that defendants Abed and Inland either singled him out on the basis of his race or acted with discriminatory intent in their treatment of him.   Accordingly, defendants' Motion to Dismiss is granted as to plaintiff's claims that Abed and Inland discriminated against him on the basis of his race in violation of the Equal Protection Clause.

As to plaintiff's claims that these defendants conspired with TRCI medical staff to circumvent his Notice of Tort Claim against TRCI medical staff, I note that a plaintiff alleging conspiracy cannot rely on mere conclusory allegations.  See Price, 939 F.2d at

8 - OPINION AND ORDER

707-08; <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1979)(per curiam).  Instead, conspiracy claims are subject to a heightened pleading standard.  <u>Harris v. Roderick</u>, 126 F.3d 1189, 1195 (9th Cir. 1997).  Plaintiff may meet that standard by specifically alleging "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights. . . ." <u>Id</u>.  Here, plaintiff's Third Amended Complaint is devoid of any such supporting allegations of agreement between defendants Abed and Inland and TRCI medical staff.  Accordingly, defendants' Motion to Dismiss is granted as to plaintiff's claims that Abed and Inland made fraudulent diagnoses as part of a conspiracy to preclude plaintiff's Notice of Tort Claim against TRCI medical staff.

Finally, defendants Abed and Inland contend that plaintiff's Third Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 17(a) on the basis that plaintiff failed to name the real party in interest.  Specifically, defendants assert that plaintiff could have amended his complaint at an earlier date to substitute Dr. Madar Abed for Dr. Adir Nardar.  However, as the court has granted plaintiff's Motion for Leave to File an Amended Complaint allowing this substitution, this argument is moot.

## CONCLUSION

For the reasons set forth above, plaintiff's Motion for Leave to File an Amended Complaint (#47) is GRANTED except as to the

9 - OPINION AND ORDER

addition of the Oregon Department of Corrections, Merck & Co., Inc., and President William G. Bowen, Ph.D. as defendants. This action shall proceed against Dr. Steve Sheldon, Dr. Ole Hansen, Greg Abbe, Guy Hall, Bridget Whelan, Dr. G. Lytle, Christopher Gunderson, Therapeutic Level of Care Committee, Dr. Madar Abed, and Inland Cardiology only.

Defendants Abed's and Inland's Amended Motion to Dismiss (#44) is GRANTED in part and DENIED in part. The motion to dismiss the conspiracy and equal protection claims as to defendants Abed and Inland is GRANTED. The motion to dismiss the Eighth Amendment medical claims is DENIED.

Plaintiff's Motion to Compel (#58) is DENIED for the reasons set forth in the court's earlier Order (#39).

Plaintiff's Motion to Compel (#60) asking the court to compel defendants Whelan and Sheldon to provide truthful responses to plaintiff's interrogatories and plaintiff's request for a discovery hearing are DENIED. The court has reviewed the subject interrogatories and defendants' responses thereto, and finds that, based on the claims set forth in the complaint in effect at the time, defendants' responses are sufficient.

IT IS SO ORDERED.

DATED this  13th day of April, 2007.


                 /s/ Robert E. Jones
                    Robert E. Jones
                    United States District Judge