FILED'08 SE₁ ₋₋₋₀16:12USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KENNETH G. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 05-1533-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| STATE OF OREGON DEPARTMENT OF | ) | |
| CORRECTIONS; ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

Kenneth G. Williams
No. 32671
MCDC/Legal Mail
1120 S.W. Third Avenue
Portland, OR 97204

  Petitioner Pro Se

Leonard W. Williamson
STATE OF OREGON - DEPARTMENT OF JUSTICE
Trial Division - Corrections Litigation
1162 Court Street, N.E.
Salem, OR 97301

Christopher J. Mertens
MILLER MERTENS SPANNER & COMFORT, PLLC
1020 N. Center Parkway, Suite B
Kennewick, WA  99336

Attorneys for Respondents

JONES, Judge:

## INTRODUCTION

Plaintiff Kenneth G. Williams is an inmate in custody of the Oregon Department of Corrections ("ODOC"), who was originally housed at the Two Rivers Correctional Institution ("TRCI") in Umatilla, Oregon at the time his complaint was filed.  Plaintiff, who is proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against defendants -- ODOC employees, Inland Cardiology, and Dr. Madar Abed -- seeking monetary damages and declaratory and injunctive relief.  As a result of an earlier ruling on defendants Inland Cardiology and Dr. Abed's motion to dismiss, plaintiff's only remaining claim alleges that defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by demonstrating deliberate indifference to his serious medical needs.  (*See* April 13, 2007 Opinion (#67).)  Defendants Inland Cardiology and Dr. Abed filed a motion for summary judgment on this claim, while defendants TRCI Therapeutic Level of Care Committee ("TLCC") and the ODOC employees filed an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies.  For the reasons stated below, defendants Inland Cardiology and Dr. Abed's motion for summary judgment (#76) is granted; and defendants TRCI-TLCC, Dr. Shelton, Dr. Hansen, G. Abbe, G. Hall, B. Whelan and Dr. Lytle 's motion to dismiss (#92) is granted.

2 - OPINION AND ORDER

# I. FACTUAL BACKGROUND

Plaintiff has sued cardiologist Dr. Madar Abed, Inland Cardiology, and seven ODOC employees: Dr. S. Shelton, Dr. O. Hansen, G. Abbe, G. Hall, B. Whelan, Dr. G. Lytle and C. Gunderson. Plaintiff alleges that the defendants violated his Eighth Amendment rights through their deliberate indifference to his serious medical needs; specifically, by refusing to provide adequate tests, diagnoses, and treatment of his heart problems.

Plaintiff submitted a number of inmate communications between August of 2004, and October of 2005, to various ODOC employees in an attempt to pursue an informal resolution of the medical issues he characterizes as cardiovascular and heart disease. *See* Amended Complaint (#7), at ¶¶ 17-20.  Eventually, plaintiff requested a consultation with an outside cardiologist, but that request was initially denied by the TRCI-TLCC.  Id. at ¶ 23; (Pl.'s Aff. in Opp'n to ODOC Unenumerated 12(b) Mot. to Dismiss for Failure to Exhaust (#101) ("Pl.'s Aff. (#101)") at Ex. A, p. 7.)  Plaintiff filed a formal grievance (G05-08-14) on August 7, 2005, again requesting to be sent to an outside cardiologist.  (Pl.'s Aff. (#101), at Ex. B, Sec. 2, p. 4.)  The Grievance Response from B. Whelan, Health Services Manager at TRCI, informed plaintiff that while his request had been denied by the TLCC, plaintiff had the option of a self-funded cardiology appointment.  Id. at 5.  Displeased with this response, plaintiff filed a Grievance Appeal (G05-08-14A) on August 23, 2005.  The grievance appeal was reviewed by Dr. Shelton, who responded with a letter on September 1, 2005, explaining that the TLCC denied plaintiff's request for a cardiology consultation after reviewing his medical presentation, and that no new cardiology related complaints had occurred since that time.  Id. at Ex. B, Sec. 4, p. 4.

3 - OPINION AND ORDER

In October of 2005, plaintiff had an initial consultation with Dr. Madar Abed at Inland Cardiology.[1] The following month, plaintiff participated in an exercise stress test and echocardiogram ("EKG"). After reviewing the results from these tests, Dr. Abed recommended a cardiac catheterization to rule out significant occlusive coronary artery disease. (*See* Aff. in Support of Mot. in Opp'n to Mot. for Summ. J. (#103) ("Pl.'s Aff. (#103)"), at Ex. A, p. 23.) The cardiac catheterization revealed "no significant occlusive disease of the epicardial coronary arteries and a normal LV systolic function," which led Dr. Abed to conclude that no further cardiac workup was required at the time; Dr. Abed also advised plaintiff to continue his medications at their prescribed dosages. (*See* Aff. of Christopher J. Mertens in Support of Mot. for Summ. J. (#80) ("Mertens Aff. (#80)"), at Ex. 2, pp. 3-4.)

## II. MOTION FOR SUMMARY JUDGMENT

### A.    Standards

Summary judgment is appropriate if the court finds that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is "material" if that fact may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). No genuine issue of material fact exists where the non-moving party "fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

---

[1] The record is unclear as to whether plaintiff or ODOC paid for the initial consultation with Dr. Abed. (*See* Pl.'s Aff. (#101), at Ex. C, p.4 (letter from ODOC Medical Director Dr. Shelton, noting plaintiff's recent lab tests, EKGs, and cardiology evaluation).) However, this fact does not change the outcome of the Eighth Amendment analysis.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party may not rest upon mere allegations or on denials of the moving party's pleadings, but must set forth specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e). Affidavits that are merely conclusory and lack specificity will not satisfy the non-moving party's burden to identify evidence that presents a genuine issue of material fact. Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 997 (9th Cir. 2001). A mere scintilla of evidence in support of the non-moving party's position will not suffice; to defeat summary judgment, there must be evidence on which the jury could reasonably find for the non-moving party. Anderson, 477 U.S. at 252.

The substantive law governing a claim determines whether a fact is material. Anderson, 477 U.S. at 248; *see also* T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. T.W. Elec. Service, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. Id. at 630-31.

**B.    Discussion**

Plaintiff alleges that the defendants refused to provide adequate tests, diagnosis and treatment for his cardiovascular and heart disease. (Amended Complaint (#7), at ¶ 48.) Defendants Inland Cardiology and Dr. Abed deny plaintiff's allegations and move for summary judgment on the basis that there are no issues of material fact because plaintiff has not shown that defendants failed to treat him in a timely and proper manner, or that they demonstrated deliberate indifference to plaintiff's serious medical condition.

An inmate's Eighth Amendment protection from cruel and unusual punishment is violated when he is subjected to "deliberate indifference to [his] serious medical needs." Estelle v.

Gamble, 429 U.S. 97, 104 (1976).  A prison official is deliberately indifferent when that official

"knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511

U.S. 825, 837 (1994).  Deliberate indifference may include a prison official who "den[ies],

delay[s] or intentionally interfere[s] with medical treatment," or may encompass the manner "in

which prison officials provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 113, 1136 (9th Cir.

1997) (en banc).  However, a mere difference in medical opinion regarding treatment does not

amount to deliberate indifference to an inmate's serious medical needs.  *See* Sanchez v. Vild, 891

F.2d 240, 242 (9th Cir. 1989).

In the present case, the evidence establishes that defendants Dr. Abed and Inland

Cardiology did not deny, delay, or intentionally interfere with plaintiff's medical treatment.  Dr.

Abed consulted with plaintiff, obtained an initial history and recommended an exercise stress test

to rule out ischemia, performed an EKG, and ordered the continuation of plaintiff's medications.

(*See* Mertens Aff. (#80), at Ex. 2, p. 2; Aff. of William Bennett, M.D. (#79) ("Bennett Aff.

(#79)"), at ¶ 3.)  The exercise stress test results showed plaintiff had "[n]ormal exercise

tolerance" and "no chest pain or arrhythmias induced by stress"; however, the EKG was "positive

for ischemia at peak exertion."  (Pl.'s Aff. (#103) Ex. A, p. 23.)  Because the test results were

"abnormal showing evidence of ischemia by EKG criteria," Dr. Abed next recommended a

coronary angiography[2] to "rule out significant occlusive coronary artery disease."  Id.  Dr. Abed

performed the cardiac catheterization on December 22, 2005, which revealed normal coronary

arteries with "no significant occlusive disease"; at the follow-up visit, Dr. Abed noted that the

---

[2] Another name for "cardiac catheterization."

plaintiff was "informed about the results of the cardiac catheterization and was reassured." (Mertens Aff. (#80), at Ex. 2, p. 3-4.) Finally, Dr. Abed determined that no further cardiac workup was required at that time and recommended that plaintiff continue taking his current medications. Id. at p. 4.

Plaintiff alleges that Dr. Abed failed to consider his medical history and complaints of heart attack symptoms, and refused to provide adequate tests to rule out alternative causes of those symptoms. (Pl.'s Memo. in Opp'n to Defs. Inland Cardiology and Dr. Abed's Mot. for Summ. J. (#103), at ¶¶ 3-5.) However, the evidence in the record refutes these allegations. (See Mertens Aff. (#80), at Ex. 2.) Further, plaintiff has submitted no evidence that these defendants performed their services in anything other than a professional manner. Plaintiff's bare allegations, without more, are insufficient to defeat a motion for summary judgment. Therefore, based on the record as a whole, I find that Dr. Abed and Inland Cardiology did not violate plaintiff's Eighth Amendment rights during the course of plaintiff's treatment. Accordingly, Inland Cardiology and Dr. Abed's motion for summary judgment is granted.

## III.  MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

### A.    Standards

As a threshold issue regarding plaintiff's claims against the TRCI employees, I must first determine whether plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is a

7 - OPINION AND ORDER

mandatory prerequisite to the commencement of a § 1983 action. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001)).

An inmate must complete any prison administrative process capable of addressing his complaint and providing some form of relief, even if the grievance process does not offer the relief the inmate seeks, such as monetary damages. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) (citing <u>Booth,</u> 532 U.S. at 741). The PLRA exhaustion requirement also "requires proper exhaustion," <u>Woodford v. Ngo</u>, 548 U.S. 81, 92 (2006), which includes "compliance with an agency's deadlines and other critical procedural rules." <u>Id.</u> at 90; *see generally* <u>Brown v. Valoff,</u> 422 F.3d 926, 934-936 (9th Cir. 2005). If a district court concludes that a prisoner failed to exhaust all available administrative remedies, the proper remedy is to dismiss the claim without prejudice. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003).

B.    <u>Discussion</u>

In the Ninth Circuit, an inmate's failure to exhaust administrative remedies is an affirmative defense that requires the defendants to raise and prove the absence of exhaustion. <u>Brown,</u> 422 F.3d at 936-37. To satisfy this burden, a defendant must show that "pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." <u>Id.</u> at 937.

Oregon's prison grievance system is a three-step process which must be completed accurately and timely for an inmate's grievance to be effectively exhausted. *See* Or. Admin. R. 291-109-0100 – 291-109-0190 (2007). While the Department of Corrections encourages inmates to resolve issues through informal communications with staff, the first step in the formal grievance process requires the inmate to submit a written grievance on the department's approved

inmate grievance form (CD117) to the functional unit grievance coordinator within thirty days of the date of the incident giving rise to the grievance. Id. at 291-109-0140, 291-109-0150. At the second step, the inmate must appeal the original grievance response to the grievance coordinator within fourteen days of the date that the grievance coordinator sent the original response, again on the required form (CD 117c). Id. at 291-109-0170. The final step in the process, which is the second level of appeal, requires the inmate to submit the second appeal on Form CD 117c to the grievance coordinator within fourteen days of the date the first grievance appeal response was sent from the grievance coordinator. Id. Upon receipt by the grievance coordinator, the appeal is forwarded to the Assistant Director, who has the authority to review and resolve the issue. Id. The Assistant Director's decision on an inmate's grievance appeal is final and not subject to further review, rendering the inmate's administrative remedies exhausted. Id.

In the present case, plaintiff's suit involves the following grievances: G05-04-24, filed April 15, 2005; G05-08-14, filed on August 9, 2005; and G06-01-11, filed January 11, 2006. (See Aff. of Aleca J. Nelson (#92) ("Nelson Aff. (#92)"), at Attach. 2.) Plaintiff received a response to each of his filed grievances, but pursued a timely first appeal for only one of those grievances, G05-08-14A.[3] Dr. Shelton responded to plaintiff's first-level grievance appeal on September 1, 2005, at which time plaintiff failed to file a second-level appeal. Accordingly, none of plaintiff's grievances were forwarded to or reviewed by the Assistant Director as required by the grievance system. Or. Admin. R. 291-109-0170(2).

---

[3] Although plaintiff filled out a grievance appeal form for G05-04-24, that appeal is dated August 19, 2005, long after the period for filing a grievance appeal had expired. See Or. Admin. R. 291-109-0170(1)(b) (requiring an appeal to be received by the grievance coordinator within fourteen calendar days from the date that the initial grievance response was sent to the inmate).

The evidence in the record conclusively establishes that plaintiff understood and utilized the available grievance process, but failed to pursue any of his grievances past the first appeal stage. *See* Nelson Aff. (#92), at ¶ 7. Additionally, plaintiff admits that he "did not file all final appeals on the prescribed forms." (Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss (#102), at ¶ 3.) Although plaintiff suggests that he submitted all of the claims at issue to an ODOC administrator according to an accepted ODOC practice, he provides no evidence that supports his assertion that inmates may pursue administrative remedies outside of the prison system's formal grievance process. Therefore, any correspondence with an ODOC administrator fell outside of the grievance system and does not constitute proper exhaustion because plaintiff failed to use the required forms or comply with ODOC's deadlines and other critical procedural rules.

Because plaintiff failed to properly exhaust all administrative remedies available from the prison system's grievance process, I conclude that plaintiff failed to satisfy the PLRA's exhaustion requirement. Accordingly, the ODOC defendants' motion to dismiss plaintiff's claims based on his failure to exhaust his administrative remedies is granted.

## CONCLUSION

For the reasons stated above, defendants Inland Cardiology and Dr. Madar Abed's motion for summary judgment (#76) is GRANTED; and defendants Two Rivers Correctional Institute Therapeutic Level of Care Committee, Dr. S. Sheldon, Dr. O. Hansen, G. Abbe, G. Hall, B. Whelan, Dr. G. Lytle, and C. Gunderson's motion to dismiss (#92) is GRANTED. Any other

pending motions, including plaintiff's motion to strike (#100), are DENIED AS MOOT.

Plaintiff's claims against all defendants are DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.

    DATED this 2⁹ᵗʰ day of September, 2008.


                                    ROBERT E. JONES
                                    U.S. District Judge


11 - OPINION AND ORDER